Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4651 | **DATE** | 3/18/2003 |
| **CASE TITLE** | Darius Scott vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for].on_____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's petition for an award of fees and costs is granted, in the amount of $15,273.03 payable to plaintiff's attorney, Steven Coursey [doc.# 39].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 21 2003 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/19/2003 | |
| | JJK / courtroom deputy's initials | 03 MAR 20 AM 10:12 | date mailed notice JJK7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DARIUS SCOTT, )
 )
    Plaintiff, )
 )
vs. ) No. 99 C 4651
 )
JO ANNE B. BARNHART, ) Magistrate Judge Schenkier
Commissioner of Social Security, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

On October 1, 1993, Darius Scott's ("Darius") mother, Gwendolyn Jones, filed an application for Supplemental Security Income ("SSI") childhood benefits on behalf of Darius, alleging that he had been disabled due to hyperactivity since September 29, 1990, one month after his birth. After several years of various administrative proceedings, Darius received an evidentiary hearing before an Administrative Law Judge ("ALJ") on May 24, 1996. In a written opinion dated August 21, 1996, the ALJ denied Darius's SSI application, and the appeals counsel denied review of the ALJ's decision on May 13, 1999, thereby rendering the ALJ's decision the Commissioner's final decision. 20 C.F.R. § 416.481.

Darius subsequently filed an action in the United States District Court seeking judicial review of the ALJ's determination pursuant to 42 U.S.C. § 405(g). On July 31, 2001, this Court granted summary judgment in favor of the Commissioner, finding that substantial evidence in the record supported the ALJ's decision denying Darius's application for SSI childhood benefits. *Scott v. Massanari*, No. 99 C 4651, 2001 WL 869628 (N.D. Ill. July 31, 2001).

Darius appealed, and on review, the Seventh Circuit reversed. *Scott v. Barnhart*, 297 F.3d 589, 594 (7th Cir. 2002). The Seventh Circuit held that the ALJ's decision failed to provide an accurate and logical bridge from the evidence to his conclusion. *Scott*, 297 F.3d at 595. In addition, the Seventh Circuit found that the ALJ had engaged in a "perfunctory consideration and analysis of the evidentiary record." *Id.* at 596. The Seventh Circuit remanded Darius's case to the agency for further proceedings. *Id.*

Darius now seeks an award of reasonable attorneys' fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. # 39). For the reasons set forth below, this Court grants Darius's motion and awards $15,273.03 in attorneys' fees.

I.

Under the EAJA, unless special circumstances make an award unjust, a court shall award reasonable attorneys' fees that are timely sought by a prevailing party other than the United States unless the court finds that the position taken by the United States (here, the Commissioner) in the proceedings were "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has explained that the substantial justification standard requires a showing that the Commissioner's "position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica*

*Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)). The Commissioner bears the burden of proving that its position was substantially justified, *Hallmark Construction*, 200 F.3d at 1079; *see also Marcus*, 17 F.3d at 1036; the party seeking an award of attorneys' fees bears the burden of proving that the fees sought are reasonable. *See, e.g., Crawford v. Barnhart*, No. 00 C 725, 2002 WL 3104985 (N.D. Ill. Sept. 12, 2002).

In making a determination of substantial justification, a court may consider the Commissioner's litigation position as well as its prelitigation conduct. *Marcus*, 17 F.3d at 1036. In so doing, the court must make a "global assessment" of the entire civil action that examines not simply whether the Commissioner was justified at the beginning or end of continuing proceedings, but also whether the Commissioner was substantially justified at each stage. *Hallmark Construction*, 200 F.3d at 1081.

Thus, the Commissioner's prior success in this Court does not require a finding that the Commissioner's position was substantially justified. *Smith v. Apfel*, No. 99 C 1139, 2001 WL 199505, at *3 (N.D. Ill. 2001). Indeed, judges within this district have not hesitated to award fees to plaintiffs under the EAJA in situations where district court rulings in favor of the Commissioner later were reversed on appeal. *See Smith, id.*; *see also Zurawski v. Massanari*, No. 99 C 2819, 2001 U.S. Dist. LEXIS 12725, at *5 (N.D. Ill., 2000); *Spaulding v. Massanari*, No. 99 C 7197, 2001 U.S. Dist. LEXIS 10294 (N.D. Ill. 2001). "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Rather, "the Commissioner's prior success is just one factor to be considered in the substantial justification analysis," *Zurawski*, 2001 U.S. Dist. LEXIS 12725 at *6. In our view, "the touchstone for this Court's analysis is the Seventh Circuit's

evaluation of the ALJ's ruling and not this Court's previous review of the merits." *See, e.g., Zurawski*; *Spaulding*, 2001 U.S. Dist. LEXIS 10294, at *1, *Smith*, 2001 WL 199505, at *2-3; *see also United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992).

## II.

Darius argues that the Commissioner's decision to champion the ALJ's decision was not substantially justified because the Seventh Circuit found that the ALJ failed to adequately articulate the basis for his conclusion, omitted a discussion of Listing 112.05, and engaged in a perfunctory consideration and analysis of the evidentiary record (Pl.'s Mem. at 5). Conversely, the Commissioner argues that, although the Seventh Circuit remanded this case, the Commissioner's position was substantially justified because there is enough evidence in the record to support the Commissioner's final decision to create a "genuine dispute" (Def.'s Mem. at 6).

This Court agrees that the failure of an ALJ to satisfy the minimal articulation standard "in no way *necessitates* a finding that the [Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (emphasis added). Recognizing that the level of articulation required by the ALJ may be "far from precise," *id.* at 319, the Court agrees with the proposition that where the question of the ALJ's failure to minimally articulate is a debatable one, a conclusion that the ALJ's decision falls on the wrong side of that line will not result in a finding that the Commissioner lacked substantial justification for her litigation position. But, the Seventh Circuit's evaluation of the ALJ's decision in this case indicates that the ALJ's decision was deficient in more than its failure to minimally articulate the basis for the ALJ's conclusion. In the Seventh Circuit's view, the ALJ's decision provided no reasonable way to discern whether the decision had an adequate factual basis. *Scott*, 297 F.3d at 595.

4

## A.

The Seventh Circuit's evaluation of the Commissioner's denial of Darius's application for SSI benefits identified two major defects in the ALJ's decision. *Scott*, 297 F.3d at 595-596. *First*, the Seventh Circuit criticized the ALJ for failing to provide an adequate discussion of 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.05 ("Listing 112.05") and for failing to provide an adequate discussion of the evidentiary record in the context of Listing 112.05. *Scott*, 297 F.3d at 595. Listing 112.05 provides the diagnostic definition against which an ALJ is to measure an applicant's claim of childhood mental retardation. *Id.* Under subparts D and F of Listing 112.05, an applicant will be awarded SSI benefits if the applicant can demonstrate "(1) significant or marked subaverage intellectual or cognitive capabilities; *and* (2) some separate and distinct condition that places further significant limitations on him." *Id.* According to the Seventh Circuit, Darius sought an award of SSI benefits because he believed he satisfied the requirements of Listing 112.05, and Listing 112.05 was therefore "the section critical to Darius's case." *Id.* "Thus, [b]y failing to discuss the evidence in light of listing 112.05's analytical framework, the ALJ has left this Court with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing." *Id.*

*Second*, the Seventh Circuit took the ALJ to task for providing a "perfunctory consideration and analysis of the evidentiary record." *Scott*, 297 F.3d at 596. Specifically, the Seventh Circuit noted that the medical evidence in the record provided different evaluations of Darius's condition. *Id.* Dr. Lauren Wakschlag, a University of Chicago psychologist, provided a report which stated that Darius suffered from Developmental Expressive and Receptive Disorder. *Id.* Dr. Jane Nofer and Dr. Catherine Lord performed a second evaluation of Darius during which they administered standardized tests and interacted with Darius. *Id.* As a result of this examination, Drs. Nofer and

5

Lord found that Darius operated "at the upper end of the mildly retarded range of intellectual functioning." (*Id.* citing Admin. R. at 113, Ex. 18). Darius was also evaluated by a physician who concluded that Darius suffered from hyperactivity. *Id.* The Seventh Circuit found the ALJ's analysis failed to adequately analyze and reconcile these varied diagnoses. *Id.* While acknowledging that the ALJ's decision quoted from the opinion of Drs. Lord and Nofer, the Seventh Circuit stated this reference to the medical evidence did not cure the underlying defect in the ALJ's analysis. *Id.* at 596 n.7. "Rather than providing a meaningful analysis of these opinions and attempting to resolve the conflict, if any, among these difference diagnoses, the ALJ merely cited the exhibit numbers and concluded that Darius 'has impairments of hyperactivity with some language, speech, and cognitive delays'" (*Id.* citing Admin. R. at 16-17).

The Seventh Circuit determined that the ALJ's failure to discuss the evidence within the context of the requirements of Listing 112.05 and perfunctory analysis of the medical evidence, created an unacceptable gap between the evidence contained in the record and the conclusion reached by the ALJ. "We require that an ALJ build an 'accurate and logical bridge from the evidence to his conclusion' . . . In this case, the ALJ's determination falls short of that mark." *Scott*, 297 F.3d at 596 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

**B.**

As noted above, the Seventh Circuit requires an ALJ to build an "accurate and logical bridge from the evidence to his conclusion." *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001)). The absence of such a bridge prevents a court from engaging in a meaningful review of the ALJ's decision. *Id.* at 596. In other words, where a court cannot determine whether the Commissioner's position is grounded in a reasonable

connection between the facts alleged and the legal theory advanced, the court cannot determine whether the Commissioner had a "rational ground for thinking it had a rational ground for its action." *Hallmark Construction*, 200 F.3d at 1080. This is a standard advocated by the Commissioner (Def.'s Mem. at 6 (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). Accepting that standard, this Court concludes that the Commissioner's position was not substantially justified.

We reach this conclusion by relying on the well-established legal principle that if an ALJ's decision lacks an adequate factual basis – or by analogy does not allow a court to determine that it has an adequate factual basis – then the Commissioner's position in relying upon it cannot be substantially justified. *See Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986, at *2 (N.D. Ill. Nov. 9, 2001) (finding the Commissioner's position not substantially justified where the court could not identify the link between evidence in the record and the ALJ's conclusions); *Zurawski*, 2001 U.S. Dist. LEXIS 12725 at *10 (holding the Commissioner's position not substantially justified in part because the ALJ did not explain the reason for favoring evidence supporting the Commissioner's position over evidence which tended to support the plaintiff); *Hubbard-Davis v. Apfel*, No. 95 C 5556, 1998 WL 417595, at *2-3 (N.D. Ill. July 20, 1998) (finding the Commissioner's position not substantially justified where defects in the ALJ's decision prevented the Court of Appeals from identifying an adequate and logical bridge from the evidence to the ALJ's conclusion). In this case, the Seventh Circuit could not square the ALJ's conclusions with the varied reports provided by the medical experts in the record. *Scott*, 297 F.3d at 596. Nor could the Seventh Circuit determine whether the ALJ's assessment of the facts adequately addressed the criteria of Listing 112.05. *Id.* at 595. For these reasons, the Seventh Circuit remanded the case. *Id.* at 596.

The Commissioner points out that the Seventh Circuit did not "accept [plaintiff's] invitation to rule that the evidence showed disability" (Def.'s Mem. at 7). That observation, while true, does not advance the Commissioner's argument here. By ordering a remand, the Seventh Circuit allowed for the possibility that the ALJ would find against – or for – the plaintiff on the question of disability. But, the possibility that the ALJ *in the future* might sufficiently explain how the evidence, under the proper standard, fails to establish a disability does not show that the Commissioner was substantially justified in defending the ALJ's *past* opinion that the Seventh Circuit rejected as failing to discuss the critical legal standard and as "perfunctory" in its analysis of the evidence. Given the serious criticisms leveled by the Seventh Circuit against the factual and legal analysis in the ALJ's opinion, we find that the Commissioner's defense of that opinion was not substantially justified. *See Corder*, 2001 WL 1355986, at *2; *Hubbard-Davis*, 1998 WL 417595, at *2-3.

### C.

The Commissioner argues that, despite the defects in the ALJ's analysis identified by the Seventh Circuit, this Court should deny Darius's application for fees under the EAJA because those defects did not strip the Commissioner's position of substantial justification. We address those arguments below.

*First*, the Commissioner asserts that the Commissioner may "have a rational ground for thinking it had a rational ground," as required for substantial justification under the standard announced in *Kolman*, even if the ALJ fails to provide a discussion of the specific listing criteria upon which a benefits application turns (Def.'s Mem. at 7). In support of this proposition, the Commissioner cites *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002), and *Pope v. Shalala*, 998 F.2d 473, 480-81 (7th Cir. 1993) (Def.'s Mem. at 7-8). However, neither *Steele* nor *Pope* addresses

8

the question of whether the Commissioner's position was substantially justified despite the ALJ's failure to discuss the listing requirement critical to the plaintiff's application. Indeed, in *Pope*, there was no remand at all because the appeals court found that the ALJ – unlike the case here – had satisfied the minimal articulation requirement. *Pope*, 988 F.2d at 481.

*Second*, the Commissioner contends that this Court's decision in *Scott*, and the Seventh Circuit's decision on appeal, demonstrate that the Commissioner's position was substantially justified (Def.'s Mem. at 6). With respect, we disagree. The Seventh Circuit's decision in *Scott* cannot be read to suggest that the Commissioner's position was substantially justified. As noted above, in remanding the case, the Seventh Circuit found that the ALJ's failure to discuss the evidence within the context of Listing 112.05, and the ALJ's perfunctory consideration and analysis of the medical evidence, resulted in an unbridgeable gap between the record and the ALJ's conclusions. *Scott*, 297 F.3d at 595-596. When a court finds such a lack of connection between the evidence in the record and an ALJ's conclusion, it is appropriate to find the Commissioner's position not substantially justified. *See Corder*, 2001 WL 1355986, at *2; *Hubbard-Davis*, 1998 WL 417595, at *2-3. And, while this Court agrees that a lower court's determination is a relevant factor in substantial justification analysis under the EAJA, *see Pierce v. Underwood*, 478 U.S. 522, 569 (1988), we do not agree that this Court's previous affirmation of the ALJ's decision trumps the Seventh Circuit's serious criticism of the ALJ's opinion.

*Third*, the Commissioner argues that *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992), compels a finding that the Commissioners's position was substantially justified despite the Seventh Circuit's conclusion in *Scott* that the ALJ failed to minimally articulate a basis for his conclusions (Def.'s Mem. at 5-6). In *Stein*, as in the present case, an applicant appealed the Commissioner's

9

denial of Social Security disability benefits and obtained a remand from the Seventh Circuit. *Stein*, 966 F.2d at 319. The Seventh Circuit explained that a remand was necessary in *Stein* because the ALJ's decision failed to address relevant medical evidence which was contrary to the Commissioner's conclusion, and as a result the Court was unable to determine if the ALJ had considered all of the relevant evidence presented. *Stein*, 892 F.2d at 47. The ALJ in *Stein* failed to minimally articulate the bases for his conclusion. *Stein*, 892 F.2d at 47.

Stein then sought fees under the EAJA. The district court partially denied Stein's fee motion, finding that the Commissioner's position had been substantially justified. *Stein*, 966 F.2d at 319. On Stein's appeal, the Seventh Circuit sustained the district court's partial denial of Stein's EAJA application. *Id.* at 319. The Court stated that its previous holding that the "ALJ failed to meet [his] articulation requirement in no way necessitates a finding that the [Commissioner's] position was not substantially justified." *Id.* at 320. In addition, the Court noted that in its review of the Commissioner's decision to deny Stein benefits, it had not found the Commissioner's position to lack substantial justification. *Id.* Rather, it had "held only that there was some contrary evidence that the Secretary failed to consider, or at least to articulate that he considered." *Id.* Stating that there was evidence to support the Commissioner's position, and that as a result a genuine dispute existed, the Court affirmed the district court's conclusion that the Commissioner's position was substantially justified. *Id.*

We believe that the defects identified by the Seventh Circuit in the ALJ's decision in the present case are more severe than the defects identified in the ALJ's decision in *Stein*. In the present case, as in *Stein*, the ALJ's decision inadequately addressed the medical evidence contained in the record. *Scott*, 297 F.3d at 596. But, unlike the ALJ's decision in *Stein*, the ALJ's decision in the

present case contains another defect: a failure to discuss the analytical framework critical to the application under review – Listing 112.05. *Scott*, 297 F.3d 565. This failure drew sharp criticism from the Seventh Circuit. *Id*. This Court finds the absence of an adequate discussion of the key analytical framework governing Darius's application, Listing 112.05, coupled with a failure to adequately discuss medical evidence contrary to its conclusion resulted in defects in the Government's position more acute than the failure to meet the minimum articulation standard identified by the Seventh Circuit in *Stein*. As a result, *Stein* does not require a finding that the Commissioner held a substantially justified position in the present case.

### III.

We now turn to the amount of fees that are reasonable to award to the plaintiff. Darius initially requested fees and costs totaling $14,583.75 (Pl.'s Mot. ¶ 9). Several reductions that the Commissioner urged (Def.'s Mem. at 9-10) have been accepted by Darius (Pl.s Reply Mem. at 8): a modest reduction in the hourly rates to be applied in each of the years 1999 through 2002; eliminating 1.1 hours of time billed for seeking an extension of time and a motion for leave to file a pleading instanter; and eliminating $114.00 in costs that were not documented. Defendant asks for one other reduction: 2.1 hours of attorney time spent on the clerical function of filing motions. Defendant seeks to have all fees for that time eliminated from any award; plaintiff, as an alternative request, asks that the Court reduce the amount billed for these clerical services to $40.00 per hour (Pl.'s Reply Mem. at 8). However, the plaintiff offers no authority for recovery of time spent by support staff in filing motions, or that $40.00 an hour would be a reasonable amount for such services if they were billed on an hourly basis. Accordingly, the Court agrees with the Commissioner that these 2.1 hours of time should be eliminated in their entirety.

As a result, Darius's original requests for fees in the amount of $14,583.75 would be reduced to $13,852.91 (*see* Def.'s Mem. at 10). However, to this amount, the Court adds $1,420.12, reflecting 9.8 hours of time devoted to plaintiff's preparation of the reply memorandum (Pl.'s Reply Mem. at 9). Time spent in litigating requests for an EAJA fee award is compensable, *see Commissioner, Ins v. Jean*, 496 U.S. 154, 166 (1990); *Johnson ex rel. Johnson v. Shalala*, No. 88 C 7886, 1994 WL 445090, at *7 (N.D. Ill. Aug. 16, 1994), and the amount of time devoted to the reply memorandum is reasonable in light of the various issues and authorities raised in the Commissioner's brief. Thus, the total amount that the Court awards in fees to the plaintiff is $15,273.03.

## CONCLUSION

For the foregoing reasons, Darius is entitled to attorney's fees pursuant to the provisions of EAJA. The plaintiff's petition for an award of fees and costs (doc. # 39) is therefore granted in the amount of $15,273.03 payable to plaintiff's attorney, Steven Coursey.

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: March 18, 2003**